IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRANDON NELSON, <br> AIS # 232671, <br><br> Plaintiff, <br> v. <br><br> VENTRESS CORRECTIONAL <br> FACILITY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:25-CV-874-WKW <br> ) [WO] <br> ) <br> ) <br> ) <br> ) |

## ORDER

Plaintiff Brandon Nelson, an inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983. (Doc. # 1.) Along with his complaint, Plaintiff submitted his certified prison account statement as required by 28 U.S.C. § 1915(a)(2). (Doc. # 2.) However, Plaintiff did not file a proper application motion to proceed *in forma pauperis* with that account statement. By Order dated December 9, 2025, Plaintiff was instructed to file a proper application for leave to proceed *in forma pauperis* ("December 9 Order"). (Doc. # 3.) The December 9 Order set a deadline of December 23, 2025, and expressly cautioned Plaintiff "that his failure to comply with any provision of this Order will, without further notice, result in dismissal for failure to prosecute and comply with an Order of the Court." (Doc. # 3 at 2.) To date, Plaintiff has not filed a proper application to proceed *in forma pauperis* as directed.

Because Plaintiff has failed to comply with the court's December 9 Order, this case is due to be dismissed without prejudice. A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). However, in *Wilson v. Sargent*, the Eleventh Circuit instructed that before dismissing an action for a prisoner's failure to pay a court-ordered initial partial filing fee, the district court must take reasonable steps to determine whether the prisoner attempted to comply with the Order, such as by authorizing payment by prison officials. *See* 313 F.3d 1315, 1320–21 (11th Cir. 2002) (per curiam). Giving Plaintiff a reasonable opportunity to respond to a show-cause order satisfies this requirement. *See id.* at 1321. Although the December 9 Order did not instruct Plaintiff to pay an initial partial filing fee, the court finds it prudent to take reasonable steps to ascertain whether Plaintiff attempted to comply with the October 20 Order before dismissal, as called for by the Eleventh Circuit in *Wilson*.

Based on the foregoing, it is ORDERED that Plaintiff shall show cause, if there be any, **on or before January 29, 2026**, why this action should not be dismissed without prejudice for his failure to comply with the court's December 9 Order.

Plaintiff is CAUTIONED that his failure to timely file a response to this show-cause Order will, without further notice, result in dismissal for failure to prosecute and comply with an Order of the court.

DONE this 8th day of January, 2026.

                                            /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE