IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRANDON NELSON,                )
AIS # 232671,                  )
                               )
            Plaintiff,         )
                               )
      v.                       )     CASE NO. 2:25-CV-874-WKW
                               )            [WO]
VENTRESS CORRECTIONAL          )
FACILITY,                      )
                               )
            Defendant.         )

## ORDER

Plaintiff Brandon Nelson filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1.) Along with his complaint, Plaintiff filed his certified prison account statement as required by 28 U.S.C. § 1915(a)(2). (Doc. # 2.) However, Plaintiff did not file an application for leave to proceed *in forma pauperis* (IFP) with that account statement. By Order dated December 9, 2025 ("December 9 Order"), Plaintiff was directed to file a proper application for leave to proceed IFP by December 23, 2025. (Doc. # 3.) The December 9 Order expressly cautioned Plaintiff that his failure to comply with the Order would result in dismissal of this action for failure to prosecute and comply with an order of the court. (Doc. # 3 at 2.)

Because Plaintiff failed to comply with the December 9 Order, an Order directing Plaintiff to show cause why this action should not be dismissed was issued on January 8, 2026 ("January 8 Order").  (Doc. # 4.)  The January 8 Order set a deadline of January 29, 2026, and warned Plaintiff that his failure to file a timely response would result in dismissal of this action without further notice.  (*Id.* at 3.) To date, Plaintiff has not filed a proper IFP application nor responded to January 8 Order directing him to show cause why this action should not be dismissed. Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up).  The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306.  Dismissal with prejudice as a

sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

In this instance, Plaintiff has failed to prosecute this action and has not complied with the December 9 and January 8 Orders, despite their express directives and warnings. Consequently, this action will be dismissed without prejudice. Although not required for such a dismissal, the court finds a clear record of delay, given the extended period of noncompliance and the notice provided. It further concludes that no lesser sanction than dismissal would be effective. *See id.*

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 9th day of February, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
